**DNT ENTERPRISES, INC.,**
**Plaintiff–Appellant,**

v.

**TECHNICAL SYSTEMS, A Division of Rae Corporation, Defendant–Appellee.**

**No. 08–2210–cv.**

United States Court of Appeals,
Second Circuit.

June 17, 2009.

Samuel E. Kramer, New York, NY, for Appellant.

David E. Ross, (Eric D. Herschmann, Kimberly A. Horn, on the brief), Kasowitz, Benson, Torres & Friedman LLP, New York, NY, for Appellee.

Present: Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

---

* The Honorable Timothy C. Stanceu, Judge of the United States Court of International        Trade, sitting by designation.

## SUMMARY ORDER

DNT Enterprises, Inc. ("DNT") appeals the order of the United States District Court for the Southern District of New York (Stanton, *J.*), entered on April 22, 2008, granting the motion of defendant-appellee Technical Systems ("TSI") to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *DNT Enters., Inc. v. Tech. Sys.*, No. 07 civ. 8661, 2008 WL 1809441, at *1 (S.D.N.Y. Apr.21, 2008).

DNT, incorporated in Delaware with its principal place of business in New York, sold cooling systems, e.g., condensers, chillers, and fluid coolers ("HVACR equipment"), manufactured by TSI, an Oklahoma corporation with its principal place of business in Oklahoma, in New York from 1996 to 2008. DNT and TSI executed contracts—each of which lasted one year—that established DNT as TSI's "direct manufacturer's representative." At issue is one of these contracts, signed March 2, 2007. The contract expressly makes DNT an "independent contractor" for sale of certain TSI products in the New York City metropolitan area. Under the contract, DNT submitted all orders to Oklahoma. The contract was executed in Oklahoma and governed by Oklahoma law. According to the contract, TSI could terminate the contract if TSI determined DNT

> has failed to develop a fair share of the market reasonably available for the Products in light of prevailing business conditions, has failed to provide adequate customer service for the products, lacks sufficient working capital to provide the representation required by the trade in territory, or otherwise fails to use the resources necessary to effectively represent Technical Systems....

The contract also required that TSI give DNT thirty-days' protection on outstanding price quotes to customers.

On September 21, 2007, Kevin Trowhill, Vice President of Sales for RAE Corporation, TSI's parent company, wrote Neil Thakker, President of DNT, that Trowhill was "canceling DNT['s] . . . representation contract for [TSI]" effective on that day, with thirty-days' protection on quotes. Trowhill indicated that "it is in [TSI's] best interest to pursue a different direction for representation." On October 4, 2007, Trowhill sent DNT a follow-up letter *rescinding* TSI's prior cancellation of the contract.

Invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), DNT sued TSI in district court, raising, *inter alia*, claims of breach of contract and anticipatory breach of the March 2007 contract, stemming from the action taken by the Trowhill letter. The district court dismissed for lack of personal jurisdiction because "DNT assert[ed] no 'cause of action arising from any' transactions by TSI in New York." *DNT Enters.*, 2008 WL 1809441, at *2 (quoting N.Y.C.P.L.R. § 302(a)). DNT appeals, claiming that the district court had personal jurisdiction because TSI transacted business, or entered into contracts for the supply of goods in New York within the meaning of N.Y.C.P.L.R. § 302(a), and in the alternative, the district court should have conducted an evidentiary hearing to settle "factual disputes relating to [TSI's] presence in New York." We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

"We review de novo a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir.2008). A "plaintiff[ ] need only make a prima facie showing of personal

jurisdiction over the defendant[,] [and] ... we construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Id.*

To determine whether a federal court sitting in diversity has jurisdiction, we "must determine whether there is jurisdiction over the defendant under the relevant forum state's laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). In New York, "[t]o determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2d Cir.2007) (internal quotation marks and brackets omitted). To satisfy this test, this Court first looks to: (1) "whether a defendant has transacted business in such a way that it constitutes purposeful activity"; and (2) whether "there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* (internal quotation marks omitted). "[P]urposeful activity ... [is] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotation marks omitted). "Transitory presence" by the defendant or its representative is insufficient. *See Fischbarg v. Doucet,* 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 880 N.E.2d 22 (2007) (citing *McKee Elec. Co., Inc. v. Rauland–*

*Borg Corp.,* 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967)).

DNT claims that TSI subcontractors and representatives "made personal visits to New York in connection with the installation of HVACR equipment as well as sales calls and social events sponsored by Appellant." In support of this, DNT cites only one incident during the relevant period (March 2007 to September 2007)—employees of RAE Corporation attending a meeting in Huntington, New York—but fails to demonstrate how the employees' attendance at this meeting was in any way related to the March 2007 contract or its termination.

TSI has no physical presence in New York. TSI has no headquarters or real property in New York. It is not licensed to do business in New York. It sells its products through independent contractors such as DNT and does not solicit sales in New York. *Cf. Deutsche Bank Secs., Inc. v. Mont. Bd. of Investments,* 7 N.Y.3d 65, 72–73, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006). According to the contract at issue, which was executed in Oklahoma and governed by Oklahoma law, DNT must send all orders for TSI equipment to Oklahoma. The action stated in the September 21, 2007 letter, in which Trowhill notified DNT that he was "canceling" the representation contract, was taken in Oklahoma.[1] The March 2007 contract gave DNT the right to be TSI's "direct manufacture's representative" and distribute TSI products in the New York City area, but the March 2007 contract also expressly stated DNT was an "independent contractor" and "prohibited [DNT] from making

---

1. DNT also claims that Trowhill's email and letter terminating the March 2007 contract—and his subsequent communications to DNT rescinding the termination—constituted sufficient contact with New York for purposes of exercising jurisdiction. However, to the degree these communications, originating out of state, constituted purposeful availment of New York laws, they go to termination of the March 2007 contract for DNT to be an independent contractor selling TSI products and not to the sale of products by TSI in New York.

any representation on behalf of [TSI]" or "imply[ing] . . . that [DNT] [was] an agent of, or ha[d] the authority to bind [TSI]." In sum, DNT has pointed to no purposeful activity on the part of TSI to avail itself of the laws of New York with respect to the March 2007 contract and any conduct pursuant to that contract.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.